West, J.
The plaintiff’s reply, though more circumstantial than is necessary, traverses, in effect, a material part of the defense. The facts pertinent to the issue are admitted by the demurrer. These show that the note in controversy was not given or discounted in any banking transaction. It is, therefore, not void, unless the title of the society to the fund misappropriated by Stegner, was, because of the unauthorized mode of acquiring it, without the pale of judicial protection.
This cannot be admitted. The money received on deposit by the society, in the course of its unauthorized banking operations, did not, for that reason, become the subject of legitimate plunder. We cannot think that a prosecution might not have been sustained for its larceny or embezzlement, averring its ownership in the society: nor can we perceive why it might not have maintained an action for restitution against such wrong-doer.
Stegner was an officer of the society. He may have been chiefly instrumental — he certainly co-operated — in procuring it to engage in an unlawful business. He is not in a position to be regarded with favor. Having secured the confidence of depositors, by the prostitution of the society’s credit, this court, unless constrained thereto by overruling considerations of public policy, will not permit him to prejudice their interests by withholding from it the means of restitution. While the parties to a contract, given in the cause and furtherance of an unlawful business, will not be judicially aided, we are unwilling, in a state of facts not necessarily requiring it, to extend, the rule to the protection of official delinquency, in the enjoyment of its illegitimate acquisitions.
The facts pleaded do not show a case for the withholding of process. Stegner ought to have refunded the money misappropriated by him in his official position. The note in controversy was given to secure a legal liability, not in furtherance of an unlawful transaction. To withhold process would not subserve but outrage public policy.
*492 The reply is sufficient, and, if sustained by evidence, the plaintiff should recover.
The ruling of the superior court will be reversed, and the cause remanded for further proceedings.
Welch, C. J., and White, Day and McIlvaine, JJ., concurred.